# EXHIBIT A
# TO COMPLAINT

# Office of Disciplinary Counsel
### SUPREME COURT OF THE STATE OF DELAWARE

The Renaissance Centre
405 North King Street, Suite 420
Wilmington, Delaware 19801
(302) 651-3931
(302) 651-3939 (Fax)
http://courts.delaware.gov/odc

JENNIFER-KATE AARONSON
Chief Counsel

PATRICIA BARTLEY SCHWARTZ
Disciplinary Counsel

KATHLEEN M. VAVALA
Disciplinary Counsel

July 13, 2016

**CONFIDENTIAL**
**VIA EMAIL AND U.S. MAIL**

**RECEIVED**

**JUL 16 2016**

**RICHARD L. ABBOTT**

Richard L. Abbott, Esquire
Abbott Law Firm, LLC
724 Yorklyn Road
Suite 240
Hockessin, DE 19707

RE:   ODC File No. 112512-B (Richard L. Abbott, Esquire)

Dear Mr. Abbott:

The Office of Disciplinary Counsel ("ODC") received your letter of July 8, 2016 requesting I recuse myself from your disciplinary case based on "inherent conflict," "apparent conflict," "actual conflict" and "exacerbated conflict." I decline your request. If you wish to pursue recusal, a motion may be filed with the Board on Professional Responsibility ("Board"). The Chair of the Board is Lisa A. Schmidt, Esquire.

ODC will present to a panel of the Preliminary Review Committee ("PRC") a Petition for Discipline alleging violation of Rules 3.5(d), 4.4(a) and 8.4(d) of the Delaware Lawyers' Rules of Professional Conduct on August 3, 2016. The PRC may approve the filing of formal charges with the Board or may offer the sanction of a private admonition (with or without conditions) or dismiss the matter.

You may, if you choose to do so, send a written statement to ODC for submission to the PRC. In your submission, you may include any background or mitigating information you wish the PRC to consider. Any such written statement must be received by ODC **no later than the close of business on Tuesday, July 26, 2016.** If I do not receive your submission by the deadline, it will not be sent to the PRC in advance. However, if it is received before the PRC meeting it will be provided to the PRC at the meeting.

Very truly yours,

Jennifer-Kate Aaronson

JKA:rb



# EXHIBIT B
# TO COMPLAINT

# Office of Disciplinary Counsel
SUPREME COURT OF THE STATE OF DELAWARE

The Renaissance Centre
405 North King Street, Suite 420
Wilmington, Delaware 19801
(302) 651-3931
(302) 651-3939 (Fax)
http://courts.delaware.gov/odc

JENNIFER-KATE AARONSON
Chief Counsel

PATRICIA BARTLEY SCHWARTZ
Disciplinary Counsel

KATHLEEN M. VAVALA
Disciplinary Counsel

September 13, 2016

**CONFIDENTIAL**
**VIA EMAIL AND U.S. MAIL**

RECEIVED

SEP 17 2016

RICHARD L. ABBOTT

Richard L. Abbott, Esquire
Abbott Law Firm, LLC
724 Yorklyn Road
Suite 240
Hockessin, DE  19707

RE:    ODC File No.  112512-B (Richard L. Abbott, Esquire)

Dear Mr. Abbott:

The Office of Disciplinary Counsel ("ODC") will present a Petition for Discipline to a panel of the Preliminary Review Committee ("PRC") on October 5, 2016.  Pursuant to Rule 9(b)(1) of the Delaware Lawyers' Rules of Disciplinary Procedure, please provide any submission you wish the PRC to consider to ODC **on or before  Thursday, September 29, 2016.**

Thank you.

Very truly yours,

Jennifer-Kate Aaronson

JKA:rb

# EXHIBIT C
# TO COMPLAINT

# Office of Disciplinary Counsel
SUPREME COURT OF THE STATE OF DELAWARE

The Renaissance Centre
405 North King Street, Suite 420
Wilmington, Delaware 19801
(302) 651-3931
(302) 651-3939 (Fax)
http://courts.delaware.gov/odc

JENNIFER-KATE AARONSON
Chief Counsel

PATRICIA BARTLEY SCHWARTZ
Disciplinary Counsel

KATHLEEN M. VAVALA
Disciplinary Counsel

September 28, 2016

**CONFIDENTIAL**
**VIA EMAIL AND U.S. MAIL**

RECEIVED

SEP 30 2016

RICHARD L. ABBOTT

Richard L. Abbott, Esquire
Abbott Law Firm, LLC
724 Yorklyn Road
Suite 240
Hockessin, DE  19707

**RE:   ODC File No.  112512-B (Richard L. Abbott, Esquire)**

Dear Mr. Abbott:

The Office of Disciplinary Counsel ("ODC") received your email at 8:57 a.m. requesting ODC "provide a factual foundation for the charges" ODC intends to present to the Preliminary Review Committee ("PRC") on October 5, 2016.  In your email, you claim ODC has not provided "the DLRDP mandated and Constitutionally required Notice," and if ODC does not provide the "predicate facts" supporting each of the three charges ODC intends to present in its Petition for Discipline, your "rights will have been violated all the more in this bizarre and unfounded personal attack campaign."

As an initial matter, the timing of your claim of lack of notice is perplexing as your submission for the PRC's consideration is due to ODC tomorrow, September 29, 2016.  More than two months ago, by letter dated July 13, 2016, ODC advised it intended to present a Petition for Discipline alleging violation of Rules 3.5(d), 4.4(a) and 8.4(d) of the Delaware Rules of Professional Conduct.  ODC postponed its presentation to the PRC to October 5, 2016.  On September 13, 2016, ODC again provided notice of its intent to present a Petition for Discipline to the PRC on October 5, 2016.  In more than two months, you have not objected based on a purported lack of notice of the factual foundation for the charges alleged.

In ODC's Motion to Compel filed July 13, 2016 with the Board on Professional Responsibility ("Board"), ODC detailed all of the facts supporting the Court of Chancery's finding that Marshall Jenney, on your advice, "entered into a sham transaction to frustrate the specific performance of an agreement." *See*, Motion to Compel, ¶1-10.  As you know, the Court

Richard L. Abbott, Esquire
September 28, 2016
Page 2 of 3                                                    **CONFIDENTIAL**

of Chancery referred the matter to ODC following its finding that you engaged in "purely vexatious litigation tactics." *Id.*, ¶9.

> Because rather than attempt to address the litigation conduct here, I am mindful of the fact that it is our Supreme Court, through its arm, the Disciplinary Counsel, that addresses violations of ethical rules and proper conduct of litigation, except where that conduct becomes a matter of justice that needs to be addressed by the trial court. By shifting fees, I think I have eliminated that issue here.

> Therefore, I am going to direct that *this issue* be presented to the Disciplinary Counsel; that the transcripts and the docket entries here be transmitted to the Disciplinary Counsel for their review and their appropriate action in this matter.

(Tr. May 21, 2015 at 28-29 emphasis added).  Your conduct forming the basis of ODC's alleged Rule violations cannot possibly be a mystery as the Court of Chancery specified the "issue" it referred to ODC.

DLRDP 9(b)(1) provides:

> If the matter is to be presented to the PRC, the ODC shall notify the respondent in a timely manner prior to the scheduled meeting of the PRC, and shall inform the respondent that the respondent may submit to the ODC any further written information for consideration by the PRC at such meeting.  Neither the respondent nor the respondent's counsel shall have the right to appear at a meeting of the PRC.

The plain language of DLRDP (9)(b)(1) does not require ODC to state the specific language of the violations charged in the Petition; however, ODC provides the following to ensure there is no uncertainty that the conduct referred to ODC by the Court of Chancery is the factual foundation for the Rule violations alleged:

### COUNT I
### Respondent Violated Rule 3.5(d) by Engaging in Disruptive, Undignified and Discourteous Conduct Degrading to a Tribunal

> By advising Marshall Jenney and facilitating the transfer of 317 & 318 Salisbury Street, Rehoboth Beach to avoid enforcement of a Court Order, a vexatious litigation tactic, Respondent engaged in conduct intended to disrupt a tribunal and/or engaged in undignified or discourteous conduct that is degrading to a tribunal in violation of Rule 3.5(d).

Richard L. Abbott, Esquire
September 28, 2016
Page 3 of 3

**CONFIDENTIAL**

## COUNT II
### Respondent Violated Rule 4.4(a) by Using Means that had no Substantial Purpose other than to Delay or Burden a Third Person

By advising Marshall Jenney and facilitating the transfer of 317 & 318 Salisbury Street, Rehoboth Beach to avoid enforcement of a Court Order, Respondent used means that had no substantial purpose other than to delay the litigation or burden the opposing party and opposing counsel.

## COUNT III
### Respondent Violated Rule 8.4(d) by Engaging in Conduct Prejudicial to the Administration of Justice

By advising Marshall Jenney and facilitating the transfer of 317 & 318 Salisbury Street, Rehoboth Beach to avoid enforcement of a Court Order, Respondent engaged in conduct prejudicial to the administration of justice, in violation of Rule 8.4(d).

The plain language of DLRDP 9(b)(1) does not require ODC to state its legal theory supporting the Rule violations alleged. If you do not understand the application of the Rules to your conduct, I suggest you obtain legal counsel.

Very truly yours,

Jennifer-Kate Aaronson

JKA:rb

# EXHIBIT D
# TO COMPLAINT

# ABBOTT LAW FIRM LLC

RICHARD L. ABBOTT, ESQ.
302.489.ALAW
RICH@RICHABBOTTLAWFIRM.COM

September 29, 2016

**VIA EMAIL & U.S. FIRST CLASS MAIL**

Preliminary Review Committee
c/o Jennifer-Kate Aaronson, Esquire
The Renaissance Centre
405 North King Street, Suite 420
Wilmington, DE 19801

**CONFIDENTIAL**

USPS TRACKING #   **9488 8178 9820 3049 0828 79**
FOR TRACKING GO TO USPS.COM

Re:   *Glasscock v. Abbott*
      *Fishing Expedition*

Ladies & Gentlemen:

I submit this letter to the Preliminary Review Committee ("PRC") as the response permitted by Rule 9(b)(1) of the Delaware Lawyers' Rules Of Disciplinary Procedure ("DLRDP") to the "fishing expedition" being undertaken against me by the ethically conflicted Chief Counsel of the Office of Disciplinary Counsel ("ODC").

The ODC seeks to prosecute charges that have no factual or legal foundation. All of my actions were legally permissible in a representation that was an unfortunate "Hatfield & McCoy" feud between neighbors in a residential community.

Thanks to my procedurally appropriate, professionally restrained, and substantively meritorious representation of the client, the neighbor war was ended once and for all. This successful outcome benefited all parties involved. Personal emotions ran high and were inflamed by the unethical opposing counsel, the neighborhood association, and an exceedingly frustrated Vice Chancellor who refused to recognize opposing counsel's blatant misconduct and tried to blame me for doing my job.

Under DLRPC Rule 1.2(a), "a lawyer shall abide by a client's decision concerning the objectives of representation... ." And Rule 1.2(b) and Comment [5] to Rule 1.2 provide that representation of a client does not constitute approval of a client's views or activities. So my job as Mr. Jenney's lawyer was to carry out his reasonable, legally permissible requests. The mere fact that I did so does not permit the Vice Chancellor and the ODC to figuratively "shoot the messenger" pursuant to disciplinary accusations based on my client's intentions and actions.

Rather than receiving thanks for a job well done, I am instead faced with an utterly frivolous complaint by a Vice Chancellor who let his emotions get carried away. So now it is your unenviable job to end this groundless attempt to abuse the attorney disciplinary process to mete out personal retribution. <u>No probable cause exists to support charges of misconduct or incapacity.</u>

Preliminary Review Committee
c/o Jennifer-Kate Aaronson, Esquire
September 29, 2016
Page 2

## I.   Any Member Of The PRC That Regularly Appears Before The Court Of Chancery Must Recuse

Members of the PRC constitute Honorary State Officials pursuant to the State Officers, State Officials, and State Employees' Code of Conduct (the "State Ethics Code"), 29 *Del. C.* Ch. 58.  Specifically, § 5804(6) defines an Honorary State Official as an appointed member of a State agency who receives less than $5,000 in annual compensation. The PRC is part of a State agency, which includes any "court." 29 *Del. C.* § 5864(11). Thus, members of the PRC must abide by the State Ethics Code.

Under 29 *Del. C.* § 5802(1), the Delaware General Assembly established that Honorary State Officials must "avoid conduct which is in violation of [the] public trust or which creates a justifiable impression among the public that such [public] trust is being violated."  And State Ethics Code § 5806(a) provides that Honorary State Officials "shall endeavor to pursue a course of conduct which will not raise suspicion among the public that such State employee...is engaging in acts which are in violation of the public trust and which will not reflect unfavorably upon the State and its government." (the "Appearance Of Impropriety" standard).[1]

Additionally, DLRDP Rule 3(e) forbids a PRC Member from taking part in any proceeding in which a judge would be required to abstain under Canon 3(C) of the Delaware Judges' Code of Judicial Conduct ("Judicial Code") or any subsequently adopted similar code.[2]  Judicial Code Rule 2.3(B) requires the avoidance of "impropriety and an appearance of impropriety in all activities."  The COMMENT to Judicial Code Canon 2 provides that "[a] judge should avoid conduct that may reasonably be perceived as prejudiced or biased."  In addition, Rule 1.2(A) of the Judicial Code requires: 1) a judicial officer to "act at all times in a manner that promotes public confidence in the integrity in impartiality of the judiciary"; and 2) the requirement to "avoid impropriety and the appearance of impropriety in all activities."  The COMMENT to Judicial Code Rule 1.2 describes the test for an appearance of impropriety:

> [W]hether the conduct would create in reasonable minds, with knowledge of all the relevant circumstances that a reasonable inquiry would disclose, a perception that the judge's ability to carry out judicial responsibilities with

---

[1] The General Assembly has provided that the State Ethics Code "shall be construed to promote high standards of ethical conduct in State government." 29 *Del. C.* § 5803.
[2] No Canon 3(C) exists any longer.  So the current Judicial Code applies.

Preliminary Review Committee
c/o Jennifer-Kate Aaronson, Esquire
September 29, 2016
Page 3

> integrity, impartiality, and competence is impaired.
> (emphasis added).

In *Los v. Los*, 595 A.2d 381, 384-85 (Del. 1991), the Delaware Supreme Court elucidated the importance of the disqualification process:

> The requirement that judges be impartial is a fundamental principle of the administration of justice. To that end, Rules of Disqualification have evolved to insure that no judge shall preside in a case in which he is not disinterested and impartial. As a matter of due process, a litigant is entitled to neutrality on the part of the presiding judge but the standards governing disqualification also require the appearance of impartiality. *Id.* at 383. (emphasis added).

An Appearance of Impropriety exists that requires recusal where a reasonable person with full knowledge could foresee an impairment of the ability to act *sans* bias or prejudice and with a fully open mind and complete fairness. Any member of the PRC that regularly appears before the Court of Chancery would have an Appearance of Impropriety necessitating recusal in this matter since the star witness and complainant in this matter is a Vice Chancellor on that Court who will be regularly overseeing litigation which has a direct effect on the PRC member. Under those circumstances, members of the public could reasonably believe that the judgment of the PRC member would be potentially impacted.

## II.    The Matter Should Be Postponed And Stayed By The PRC Based Upon The Ethical Conflict Of The ODC Chief Counsel

This matter has been driven by an aggravated Vice Chancellor and his fishing expedition invitation that was accepted by a Chief Counsel who has an ethical Appearance of Impropriety. Attached as Exhibit 1 is the Vice Chancellor's Complaint to the ODC, which is devoid of specifics. Attached as Exhibits 2 and 3 are the pending action seeking ethical prosecution of the ODC Chief Counsel and a pending motion to disqualify her in this proceeding.

It is premature for the PRC to consider the matter. Its decisions may be subject to invalidation due to the ethical taint which infects the Chief Counsel's actions.

## III.    Probable Cause Does Not Exist For Any Of The 3 Charges

In this *quasi*-criminal proceeding, all of the Federal Constitutional Rights of an accused are in play and must be followed. Chief among them is the Right To Due Process under the 5th and 14th Amendments to the United States Constitution. The 6th Amendment's

Preliminary Review Committee
c/o Jennifer-Kate Aaronson, Esquire
September 29, 2016
Page 4

right to confront the accuser, the Vice Chancellor, also applies.  The Vice Chancellor did nothing in his complaint other than effectively request a "fishing expedition" without any specification of conduct or actions that he was complaining about.  And the record reveals nothing but conclusory and unsupported allegations slung at me by the Vice Chancellor.

> A.   The Shear Frivolity Of This "Fishing Expedition" Undertaking Shines Through In The DLRPC Rule 4.4(a) Charge

> 1.   The Rule 4.4(a) Charge Is Facially Defective

Exhibit A in my case to defeat this personal attack campaign against me is the "make weight" argument by the ODC Chief Counsel regarding Rule 4.4 of the Delaware Lawyers' Rule Of Professional Conduct ("DLRPC").  Because there are no "Third Persons" involved in the fact pattern at issue in this matter, a Rule 4.4(a) charge is not legally tenable.  Accordingly, the PRC should conclude that the charge fails on its face.

The DLRPC establishes duties and protections for 4 discreet types of persons: 1) Lawyers; 2) the Tribunal; 3) Parties/Clients; and 4) Third Persons.  Although the term "Third Persons" is not expressly defined in the DLRPC, a reading of the DLRPC provides a contextual understanding that Third Persons are intended to be different from the other 3 types of persons addressed by the DLPRC.

In the litigation context, Lawyers prosecute the case, Judicial Officers are the Tribunal, Parties are the plaintiff and defendant, and Third Persons are any others involved in the litigation that are not within the first 3 categories.  Third Persons include Third-Party witnesses, Third-Party deponents, Expert witnesses, and the like.  Third Persons are separate and distinct from Lawyers, the Court, and Parties.

The only persons involved in the *Seabreeze Homeowners Association, Inc. v. Jenney* litigation were the Lawyers, the Vice Chancellor, and the Parties.  No Third Persons were involved.  No third-party witnesses or deponents were involved.  No expert witnesses were called.  Consequently, it is evident that the facially frivolous Rule 4.4(a) charge was set up as a mere "strawman" argument in the hopes that the PRC will bite at one of the other 2 remaining charges.

The lawyer's obligations to the opposing party and counsel are set forth in DLRPC Rule 3.4, entitled "Fairness To Opposing Party And Counsel."  No violation of that Rule has been alleged or could be established.  As a consequence, the attempt to transmute Rule 4.4(a) regarding "Respect for rights of third persons" into a rule governing a lawyer's obligations to the opposing party and counsel cannot withstand legal scrutiny.

Preliminary Review Committee
c/o Jennifer-Kate Aaronson, Esquire
September 29, 2016
Page 5

      2.      Even If Lawyers And Parties Can Somehow Be Third
              Persons, No Violation Has Been Pled As A Matter Of Law

The ODC relies solely on the valid, legal transfer of title to 2 properties via Deed as the foundation for the allegation of a DLRPC Rule 4.4(a) charge.[3]  The ODC contends that the mere transfer of title by 2 Deeds to avoid a Court judgment *ipso facto* establishes that the transfer had "no substantial purpose other than to delay the litigation or burden the opposing party and opposing counsel." Not so.

No legal authority exists for the proposition that an attorney cannot advise his or her client on how to avoid a Court judgment.[4]  In fact, a lawyer is carrying out his or her duty in so advising the client, and such advice is given with regularity by Delaware lawyers.

No direct disobedience of any Court Order occurred in this matter. That is the only conduct proscribed by the DLRPC. *See* DLRPC Rule 3.4(c).

The purpose of the transfer of title was expressly stated in a letter to the Court which submitted the 2 recorded Deeds: moot the litigation so as to end the neighbor feud which would otherwise potentially continue on *ad infinitum*. *See* letter attached as Exhibit 4. By mooting the litigation, the proceedings would and should have been brought to a merciful conclusion (thereby saving everyone involved time, money, and resources).

My stated intent was to moot the action so as to bring it to an end. No predicate facts are pled by the ODC regarding any intent to delay litigation or burden opponents or their counsel. More importantly, there are no Third Persons which the ODC has alleged to have been delayed or burdened.  As a result, the Rule 4.4(a) charge has no factual foundation and probable cause is therefore lacking.

**IV.**    **No Rude, Crude, Or Vulgar Comments Were Made, And Respect Was**
          **Exhibited Under Trying Circumstances**

    A.      A Rule 3.5(d) Charge Is Not Pled: No Foul Language Or
             Intentionally Disruptive, Undignified, Or Discourteous Conduct Is
             Alleged

For starters, Rule 3.5(d) covers undignified or discourteous conduct that is degrading to the Tribunal. The mere fact a Tribunal is upset at a lawyer's valid transfer of

---

[3] Because there was no allegation or finding that actions I took were not meritorious, then the PRC must presume that my actions were within the bounds of factual and legal propriety. No DLRPC Rule 3.1 violation was alleged.

[4] A Court Order constitutes a judgment of the Court pursuant to Court of Chancery Rule 58.

Preliminary Review Committee
c/o Jennifer-Kate Aaronson, Esquire
September 29, 2016
Page 6

title to legally attempt to avoid a judgment does not a claim state. "Discourteous" requires attorney use of language that goes beyond the pale in a Court proceeding, such as crude or vulgar language. And it is not undignified for a lawyer to litigate in conformance with the law.

The subjective personal opinion of a Vice Chancellor stated in conclusory hyperbole is nothing more than a judicial rant. No proof exists that there was any statement degrading to the Tribunal made by me. Nor is there any allegation that I did anything other than utilize legally valid mechanisms to litigate the case based upon an agreed upon strategy with my client. That is good lawyering, not an ethics violation.

Nor does the charge of "conduct intended to disrupt a tribunal" pass legal muster. Mooting the litigation was the express intent. And transferring title should have succeeded in ending the matter, as Mr. Jenney was no longer the owner who could legally exercise dominion and control over the property in order to perform pursuant to the judgment. No disruption was intended or was reasonably contemplated; the Tribunal should have been finished with the action.

This prosecution attempt by the Chief Counsel places at risk the independence of lawyers to make decisions on litigation strategy in conjunction with their clients free from Judicial and ODC second-guessing and subjective criticism. If the Vice Chancellor does not wish to have to deal with difficult cases that are hotly contested, then he should address his feelings in some other fashion. But it is highly inappropriate for him to abuse his influence and high office by attempting to hijack the lawyer disciplinary system to mete out his personal dislike of my litigation approach.

In sum, the evidence reveals that the Rule 3.5(d) allegation is without merit. It is yet another "strawman" argument. The ODC wants the PRC to squeeze a round peg into a square hole. The PRC should conclude that no probable cause exists to support the charge.

B.      Lawyer Advice And Services In Conformance With The Law
        Cannot Possibly Violate Rule 3.5(d)

The ODC alleges that the advice and facilitation of the transfer of title to 2 properties in order to avoid a judgment constitutes "a vexatious litigation tactic" which supposedly disrupted the Tribunal or constituted undignified or discourteous conduct toward the Tribunal. But a lawyer's advice to his client and facilitation of the transfer of title to real estate via 2 valid Deeds, in and of itself, cannot constitute a violation of any ethical rule. Indeed, a lawyer who does so in carrying out the client's directives is acting most ethically in terms of Rule 1.1 on Competence, Rule 1.2 on Scope of representation,

Preliminary Review Committee
c/o Jennifer-Kate Aaronson, Esquire
September 29, 2016
Page 7

Rule 1.3 on Diligence, and Rule 2.1 regarding Advisor.  Accordingly, the Rule 3.5(d) allegation is founded solely upon the false assertion that my actions constituted "a vexatious litigation tactic."

1.     The Deeds Were Unquestionably Valid

The ODC has not cited any legal authority for the proposition that a lawyer cannot act as counsel to transfer title to real estate by Deed for clients and send a notification letter to the Court regarding an action that is believed to have been mooted thereby.  The Deed transfer was neither challenged nor voided.  And the letter was short and to the point, containing basic information in an entirely respectful and appropriate fashion.  No vexatious litigation tactics were utilized; the 2 Deeds were absolutely permissible.

The Vice Chancellor falsely referred to the Deeds as a "sham."  The Deeds are actually a valid transfer of title, not a "sham."[5]  "Sham" is defined as "a spurious imitation; fraud; a hoax."  The Deeds are none of those things, as they carried full legal force and effect.  No motion to set aside the transfer was ever filed.  And no Order vacating or rescinding the transfer was ever issued.  The "sham" assertion is specious.

Nor are the Deeds "akin to a fraudulent transfer" as erroneously contended by the Vice Chancellor.  The Delaware Uniform Fraudulent Transfer Act, Title 6, Chapter 13 of the Delaware Code, does not apply to transfers of real estate for purposes of avoiding a non-monetary judgment.  And the transfer of title to Mrs. Jenney was never claimed to be voidable under the Act.  Nor did any Court ever enter an Order voiding the transfer based on the Act or any other legal or equitable grounds.  The "akin to a fraudulent transfer" allegation is baseless.

The allegation of "vexatious" transfer of title is also a figment of the Vice Chancellor's very active imagination.  The word "vexatious" is defined as "instituted without sufficient grounds and serving only to cause annoyance to the defendant."  But the 2 Deeds which transferred title to Mrs. Jenney: 1) were legally valid and factually true; and 2) done to end the neighbor feud once and for all by mooting the litigation, not to annoy anyone.  The "vexatious" allegation is spurious.

---

[5] The Vice Chancellor actually initially referred to the transfer of title to Mrs. Jenney as "clever."

Preliminary Review Committee
c/o Jennifer-Kate Aaronson, Esquire
September 29, 2016
Page 8

> 2.   The ODC Must Show Lawyer Advice On Avoiding
>       Judgments Is Illegal, Which It Cannot

Transferring title to real estate alone cannot possibly be a vexatious litigation tactic. Valid transfers of title to real estate happen every day pursuant to the actions of Delaware lawyers. So the ODC is obviously relying upon the theory that a lawyer may not counsel a client on how to avoid a Court judgment, which is a proposition that is misguided.

Avoiding a Court judgment is perfectly legal and permissible. Delaware lawyers regularly counsel their clients to: 1) file for bankruptcy to avoid a judgment, 2) form a new business entity and close down the old one to avoid a judgment, 3) take actions to make the client "judgment-proof"; 4) advise clients how to ratify prior corporate actions, legislate retroactively, or take other measures to avoid a judgment. A lawyer's advice on how to avoid a judgment is a virtue, not a vice.

Only directly disobeying a Court Order is prohibited. *See* DLRPC Rule 3.4(c). But that rule is not charged here. And the PRC should reject the ODC's attempt to morph Rule 3.5(d) into a heretofore non-existent bar to lawyers giving clients judgment avoidance advice.

Attached as Exhibit 5 is a copy of the Consent Order which the Vice Chancellor alleged was contemptuously violated by Mr. Jenney. Once calm, rational minds review the Consent Order, however, it becomes obvious that it does not prohibit a transfer of title to the real estate by Mr. Jenney. Therefore, the Deeds transferring title to Mrs. Jenney could not constitute disobedience of a Court Order by Mr. Jenney, let alone by me as his attorney.

### V.   The "Catch-All" Provision Is An Add-On That Is Not Well Pled & Is Not Supported By The "Fishing Expedition" Record

> A.   The Administration Of Justice Cannot Be Prejudiced By 100% Legal Lawyer Conduct.

In a last-ditch effort to charge me with something, the ethically conflicted Chief Counsel throws in good old § 8.4(d) – prejudice to the administration of justice. What is that exactly? Apparently, the ODC believes it is anything the Chief Counsel wants it to be. Not so.

Preliminary Review Committee
c/o Jennifer-Kate Aaronson, Esquire
September 29, 2016
Page 9

The ODC does not aver any facts that could show I acted outside of the bounds of procedurally permitted and legally authorized conduct. The Chief Counsel does not assert that I filed a frivolous pleading with the Court. And the Vice Chancellor had nothing to say about it: his complaint to the ODC merely sent hundreds of pages of record documents from the litigation and effectively requested that the ODC carry out a "fishing expedition."

The Rule 8.4(d) charge alleges that perfectly legal lawyer conduct prejudiced the administration of justice. That's legally impossible! Since the ODC failed to allege any improper conduct, the conclusory and unsupported charge fails to meet the probable cause standard.

When we get to the point in the lawyer disciplinary system that lawyers are subject to disciplinary investigation based upon a Vice Chancellor's subjective personal disagreement with the legally and procedurally permissible prosecution of a case, then we have entered the Twilight Zone and converted the disciplinary system into a judicial attack dog entity that is not a legitimate attorney ethics regulator. As a consequence, the PRC should conclude that no probable cause exists to support a charge under Rule 8.4(d).

B.   The Foundation For The Charge, A Legal Transfer Of Title Effected
     To Validly Avoid A Judgment, Fails To State A Claim

Because the transfer of title and effort to avoid a Court judgment are 100% permissible as a matter of law, the ODC's allegation must fail. Lawyers provide clients with advice and facilitate transactions. That's what we do. And providing such legally permitted services cannot give rise to a disciplinary violation.

Comment [3] to Rule 8.4 expressly provides that legitimate advocacy does not violate Rule 8.4(d). The Comment further provides that even "[a] trial judge's finding that peremptory challenges were exercised on a discriminatory basis does not alone establish a violation of this rule." So obviously something majorly prejudicial to the proceedings must occur to support a rule 8.4(d) charge. Here, that did not occur.

The ODC proceeds based on pure judicial *ipse dixit*. The theory that a violation must have occurred because the Vice Chancellor got angry and castigated me is unfounded.

The transfer of title to moot the litigation was done properly and in full conformance with the law. The transfer of title should have mooted the litigation, as Mr. Jenney did not legally control the properties after transfer of legal title to Mrs. Jenney. The Vice Chancellor ignored that reality without any valid explanation, but that does not change the fact that it was perfectly permissible and appropriate lawyer conduct.

Preliminary Review Committee
c/o Jennifer-Kate Aaronson, Esquire
September 29, 2016
Page 10


No DLRPC Rule prohibits a lawyer from properly and validly advising a client of options to avoid a judgment.  The Rule 8.4(d) charge is merely another attempt by the ODC to take judicial hyperbole and exaggeration and magically transmogrophy it into a disciplinary violation.  The PRC should find that no probable cause exists to conclude that the administration of justice was prejudiced by my completely permissible lawyer conduct.

**VI.**   **Conclusion**

Based upon the foregoing, I respectfully request that the PRC find that no probable cause exists to support charges of attorney misconduct or incapacity under the circumstances.  A Vice Chancellor lashed out in frustration and subjective difference of opinion regarding litigation strategy.  That is not grounds for a lawyer disciplinary charge.

The conduct upon which 3 charges are based – transferring title to 2 properties to avoid a judgment – is perfectly permissible as a matter of law and therefore cannot possibly support a violation of Rules 3.5(d), 4.4(a), or 8.4(d).  In addition, Rule 4.4(a) does not apply to a Lawyer and a Party; it only applies to Third Persons.

The conduct was aimed at mooting the litigation, and not for any improper purpose.  Consequently, the charges fail to meet the probable cause standards and should be rejected by the PRC.

Respectfully submitted,

Richard L. Abbott

RLA:cth
Enclosures

# EXHIBIT 1

EFiled: Jun 10 2015 09:56AM EDT
Transaction ID 57380737
Case No. 8635-VCG



OFFICE OF THE REGISTER IN CHANCERY
COURT OF CHANCERY
OF THE
STATE OF DELAWARE

Register In Chancery
34 The Circle
Georgetown, DE 19947

302-856-5777
FAX 302-856-5778

June 10, 2015

<u>Sent through File and Serve</u>

Jennifer-Kate Aaronson, Esquire
Office of Disciplinary Counsel
Carvel State Building
820 North French Street, 11th Fllor
Wilmington, DE 19801

RE:  Richard Abbott, Esquire
     C.A.# 8635-VCG  *Seabreeze Homeowners Association, Inc. vs. Marshall Jenney*

Dear Ms. Aaronson:

Vice Chancellor issued a bench ruling on May 21, 2015.  His ruling requested that a copy of all the transcripts and docket entries be transferred to the Office of Disciplinary Counsel for review on behalf of Mr. Richard Abbott's conduct.  Enclosed you will find the docket and the documents contained within in chronological order.

Should you have any questions or need further assistance, please feel free to contact me.

Respectfully submitted,

/s/ Katrina Kruger
Katrina Kruger
Judicial Operations Manager

cc:  Filed on FSX

EXHIBIT E
TO COMPLAINT

# Office of Disciplinary Counsel
**SUPREME COURT OF THE STATE OF DELAWARE**

The Renaissance Centre
405 North King Street, Suite 420
Wilmington, DE  19801
(302) 651-3931
(302) 651-3939 (Fax)
http://courts.delaware.gov/odc

**LUKE W. METTE**
Chief Counsel

**PATRICIA BARTLEY SCHWARTZ**
Disciplinary Counsel

**KATHLEEN M. VAVALA**
Disciplinary Counsel

December 16, 2019

**CONFIDENTIAL**
**Via EMAIL AND U.S. MAIL**

Richard L. Abbott, Esquire
Abbott Law Firm, LLC
724 Yorklyn Road
Suite 240
Hockessin, DE 19707

**RECEIVED**

**DEC 19 2019**

**RICHARD L. ABBOTT**

## Re: ODC File No. 112512-B (Richard L. Abbott, Esquire)

Dear Mr. Abbott:

I am writing to notify you that on **Wednesday, January 8, 2020**, this Office will present the above referenced matter to a panel of the Preliminary Review Committee ("PRC"). At that time, ODC will recommend to the PRC the filing of a petition for discipline against you with the Board on Professional Responsibility (the "Board") for violations of the Delaware Lawyers' Rules of Professional Conduct (the "Rules"). The PRC may approve, disapprove or modify ODC's recommendation.

The PRC will be asked to determine whether there is  probable cause to conclude you violated Rules 3.4(c), 3.5(d), 8.4(a) and 8.4(d). This Office will contend you knowingly disobeyed an order of the Court of Chancery in the *Seabreeze* litigation or attempted to do so; that during the course of this disciplinary investigation you engaged in conduct intended to disrupt a tribunal and/or undignified or discourteous conduct degrading to a tribunal; and that you engaged in conduct that is prejudicial to the administration of justice.

You may, if you choose to do so, submit information to this Office for consideration by the PRC. ODC will forward your submission to PRC after we receive it from you.

Sincerely,

Luke W. Mette

LWM:aj

# EXHIBIT F
# TO COMPLAINT

# Office of Disciplinary Counsel
SUPREME COURT OF THE STATE OF DELAWARE

The Renaissance Centre
405 North King Street, Suite 420
Wilmington, DE 19801
(302) 651-3931
(302) 651-3939 (Fax)
http://courts.delaware.gov/odc

LUKE W. METTE
Chief Counsel

PATRICIA BARTLEY SCHWARTZ
Disciplinary Counsel

KATHLEEN M. VAVALA
Disciplinary Counsel

January 14, 2020

**CONFIDENTIAL**
**VIA EMAIL AND U.S. MAIL**

**RECEIVED**

**JAN 17 2**

Richard L. Abbott, Esquire
Abbott Law Firm, LLC
724 Yorklyn Road
Suite 240
Hockessin, DE 19707

**RICHARD L. ABBOTT**

RE:   ODC File No. 112512-B (Richard L. Abbott, Esquire)

Dear Mr. Abbott:

On **Wednesday, February 5, 2020**, the Office of Disciplinary Counsel ("ODC") will present this matter to a panel of the Preliminary Review Committee ("PRC"). ODC will recommend to PRC the filing of a petition for discipline with the Board on Professional Responsibility (the "Board") on grounds you have violated the Delaware Lawyers' Rules of Professional Conduct (the "Rules"). The PRC may approve, disapprove or modify ODC's recommendation. Therefore, the PRC's disposition may be adverse to you.

This matter had previously been scheduled for presentation to the PRC on January 8, 2020. On December 17, 2019, you requested a 2-week postponement, to which I agreed on December 19, 2019 as a professional courtesy, subject to confirmation of the new date and time for the PRC presentation.

On February 5, 2020, the PRC will be asked to determine whether there is probable cause to conclude you violated Rules 3.4(c), 8.4(a), 8.4(c), 3.5(d) and 8.4(d). This Office will contend: (a) that you knowingly disobeyed an Order of the Court of Chancery in the *Seabreeze* litigation, or attempted to do so, or did so through the acts of another; (b) that during the *Seabreeze* litigation, you engaged in conduct involving dishonesty, fraud, deceit or misrepresentation; (c) that during the course of this disciplinary matter you engaged in conduct intended to disrupt a tribunal or engaged in undignified or discourteous conduct degrading to a tribunal; and (d) that during the course of both the *Seabreeze* litigation and this disciplinary matter, you engaged in conduct prejudicial to the administration of justice.

Richard L. Abbott, Esquire
January 14, 2020
Page 2 of 2                                                      **CONFIDENTIAL**

      You may, if you choose to do so, send a written statement to this Office for submission to the PRC.  We will submit your written statement to PRC after we receive it from you.


                                      Sincerely,


                                        Luke W. Mette

LWM:rb