IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


RICHARD L. ABBOTT,               :

                    :

        Plaintiff,         :

                    :

        v.             :        Civil Action No. 20-131-RGA

                    :

LUKE W. METTE, KATHLEEN M.   :

VAVALA, COLLINS J. SEITZ, JR.,   :

JAMES T. VAUGHN, JR., TAMIKA R.  :

MONTGOMERY-REEVES, GARY F.   :

TRAYNOR, and KAREN L. VALIHURA, :

                    :

        Defendants.      :


**ORDER**

Before me is a motion for a temporary restraining order. (D.I. 3). It is **DENIED** after consideration of the motion, the complaint (D.I. 1), Defendants' Response (D.I. 10), and Plaintiff's Reply (D.I. 11).

Plaintiff states that he is a member of the Delaware Bar, and that, among other things, his first amendment associational rights and his rights to equal protection and due process will be denied in upcoming attorney disciplinary proceedings. (D.I. 3 at 2). He alleges federal racketeering, state racketeering, a violation of 42 U.S.C. § 1983, and seeks a declaratory judgment to the effect that the attorney disciplinary system is unlawful and to prohibit its application to him. He appears to acknowledge that, at minimum, all Defendants are immune from suit for damages. (D.I. 1 at 26-27 (seeking injunctive and declaratory relief); D.I. 11 at ¶28).

Plaintiff has not shown a probability of success on the merits.[1] He has cited no court decision where a federal court has enjoined state attorney disciplinary proceedings. At least since 1982, it has been apparent that, if an attorney can raise his constitutional claims in the disciplinary proceedings, a federal court should (and, generally, must) abstain from a lawsuit challenging those proceedings. There is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982).[2] "Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system" are an important state interest. *Id.* at 432. It appears to me that the investigation of ethics complaints by Disciplinary Counsel is "judicial in nature." Plaintiff recognizes as much by naming the Justices of the Supreme Court as Defendants. *See id.* at 434-35 (noting that the naming of an agency of the New Jersey Supreme Court as defendant "demonstrated" the State's interest).

Defendants have responded to the motion for a TRO citing four cases in which the Delaware Supreme Court has considered constitutional arguments raised by attorneys during disciplinary proceedings. (D.I. 10 at 9). The cases support Defendants' response. *See In re Tennenbaum,* 918 A.2d 1109, 1112, 1116 (Del. 2007) (per curiam) (due process); *In re Bailey,* 821 A.2d 851, 862-63 (Del. 2003) (per curiam) (due process); *In re Shearin,* 765 A.2d 930, 938 (Del. 2000) (per curiam) (first amendment); *In re Kennedy,* 472 A.2d 1317, 1326-31 (Del. 1984) (due process and equal protection). Thus, it appears that Plaintiff has the opportunity to raise his

---

[1] I only address abstention, which is the only issue argued in Defendants' Response. Defendants note there are many other arguments that they could raise. (D.I. 10 at 11 n.2). Nothing I say here should be taken as any comment on theories that are mentioned but not argued.

[2] Citation to other cases describing the applicability of the *Younger* abstention doctrine are not persuasive when there is a Supreme Court case addressing its applicability to attorney disciplinary proceedings.

constitutional challenges in the disciplinary proceedings, and it appears likely that this Court will

abstain from hearing Plaintiff's case.[3] I further note that although all five Justices of the

Delaware Supreme Court are named as Defendants, the allegations in the complaint generally are

not about them, and, when they are, are conclusory, that is, the Supreme Court is aware of the

actions of Disciplinary Counsel and takes no action, or the Supreme Court rules against Plaintiff

when he raises valid legal points.

Plaintiff states that I should not abstain because he alleges bad faith and harassment. It is

not sufficient to allege that Disciplinary Counsel has investigated possible violations by Plaintiff

before, or that the Supreme Court has ruled against Plaintiff before. Nor does use of invective

such as "Star Chamber Proceeding" help Plaintiff's case. Indeed, Plaintiff alleges that

Disciplinary Counsel dismissed a petition for interim suspension (D.I. 1 at ¶38) and has

abandoned other charges (D.I. 11 at ¶ 25) and that the Supreme Court has issued a ruling that, at

least as described in the complaint, appears to be favorable to Plaintiff (D.I. 1 at ¶36). "Minimal

respect for the state processes, of course, precludes any *presumption* that the state courts will not

safeguard federal constitutional rights." *Middlesex County*, 457 U.S. at 431. Plaintiff's

arguments do not persuade me that there is any reasonable probability that his lawsuit's

allegations will make it inappropriate for abstention.

Plaintiff also falls short on the allegation of immediate irreparable harm. The scheduled

proceeding on February 5, 2020, appears to be that of the "Preliminary Review Committee,"

which has the power to begin formal disciplinary hearings against Plaintiff. Consideration of

possible disciplinary charges by the body authorized by law to consider such charges does not

---

[3] Contrary to what Plaintiff says, a decision to abstain is a decision on the merits for purposes of considering emergency relief, since it effectively would terminate the litigation in this Court. Of course, should Plaintiff be subject to disciplinary proceedings, raise constitutional issues, and lose, he would be able to seek review of the constitutional issues in the United States Supreme Court.

constitute irreparable harm. Indeed, Plaintiff makes no allegation that he will not get a fair hearing at the PRC. (*See* D.I. 1 at ¶ 44).

I do not think the balance of harms tips in Plaintiff's favor. Plaintiff seeks an indefinite delay in the disciplinary process. Whatever the outcome of the PRC hearing on Wednesday, Plaintiff will continue to be able to practice law. Only an action of the Delaware Supreme Court can impact Plaintiff's ability to practice law. On the other hand, Defendants are all charged with responsibilities relating to the operation of Delaware's attorney discipline process. An order restraining Disciplinary Counsel from going forward on a hearing to determine whether Plaintiff should be subject to discipline would diminish Disciplinary Counsel's ability to do its job, not only in this case but likely in other cases.

The public interest is not served by interfering with Delaware's attorney disciplinary process. That process serves the public interest as the main method of regulating the conduct of those admitted to the Delaware Bar. For the same reasons that a federal court should abstain from litigation over state attorney disciplinary proceedings, a federal court should not enjoin state disciplinary proceedings.

IT IS SO ORDERED this 3 day of February 2020.

United States District Judge