IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD L. ABBOTT,<br><br>             Plaintiff,<br><br>     v.<br><br>LUKE W. METTE, KATHLEEN M. VAVALA, COLLINS J. SEITZ, JR., JAMES T. VAUGHN, JR., TAMIKA R. MONTGOMERY-REEVES, GARY F. TRAYNOR, and KAREN L. VALIHURA,<br><br>             Defendants. | Civil Action No. 20-cv-131-RGA |

MEMORANDUM

The Magistrate Judge filed a Report and Recommendation (D.I. 26) on Defendants' motion to dismiss (D.I. 17). Before me are Plaintiff Abbott's Objections (D.I. 27) to the Report's recommendation that I grant the motion. Defendants have filed a Response. (D.I. 30).

I.   BACKGROUND

Abbott is the subject of an attorney discipline action in the state of Delaware that has been proceeding, in some form, since 2015. (D.I. 26 at 3-4). In February 2020, the Preliminary Review Committee (PRC) approved a Petition for Discipline against Abbott. (*Id*. at 4; *see* D.I. 16, Ex. K).[1] It appears that the disciplinary matter was most recently before the Board of Professional Responsibility (BPR). (D.I. 30 at 5).

Abbott's action was filed in this Court in January 2020, and his amended Complaint (D.I. 16) was subsequently filed in March 2020. The instant Complaint asserts Federal RICO and 42 U.S.C. § 1983 claims, in addition to state law claims, against two attorneys in the Office of

---
[1] The attached Petition (D.I. 16, Ex. K) has been heavily redacted.

1

Disciplinary Counsel (ODC) and the five Justices of the Delaware Supreme Court (collectively "Defendants"). (*Id*. at ¶¶ 1-8).

The relief sought by the amended Complaint are injunctions against disciplining Abbott; a declaratory judgment that the disciplinary system is unlawful and unconstitutional generally and as applied to Abbott; and costs and fees. (D.I. 16 at 36).

Citing the *Younger* abstention doctrine, Defendants moved to dismiss the Complaint. (D.I. 26 at 5).

The Report concurs with Defendants' position and recommends dismissal in accordance with *Younger* abstention. (*Id.* at 14). As the Report sets forth the relevant facts and law, I will not repeat them. I review Plaintiff's objections *de novo*. 28 U.S.C. § 636(b)(1).

## II.  DISCUSSION

Abbott asserts a litany of objections to the contents of the Report: (1) the Report erred in relying on *Middlesex County Ethics Commission v. Garden State Bar Association*; (2) the Report erred in finding that the Delaware Supreme Court's role in attorney discipline is judicial in nature; (3) there was no "prosecution pending" against Abbott as required by *Younger* at the time this action was filed; (4) Abbott will not have an adequate opportunity to raise his federal claims; (5) the Report erred in concluding that Abbott failed to plead bad faith, harassment, or extraordinary circumstances; (6) the Report should have granted Abbott the opportunity to amend his Complaint to address bad faith, harassment, or exceptional circumstances; (7) Abbott is entitled to a stay rather than a dismissal. (*See* D.I. 27).

As to objections (1), (2), and (3), I ADOPT the Report and Recommendation for the reasons stated therein. I now address the other four objections.

### A. Opportunity to Raise Federal Claims

The Report concluded that Plaintiff failed to demonstrate that state procedural laws bar his federal claims. (D.I. 26 at 10-11). In his Objections, Abbott points to Delaware Lawyers' Rules of Disciplinary Procedure (DLRDP) Rule 9 as evidence that he is prohibited from asserting counterclaims. (D.I. 27 at 4). However, nothing in Rule 9 mentions counterclaims or affirmatively prohibits them.

The Report (and Abbott) discuss whether he can raise § 1983 and RICO claims as "counterclaims" in the disciplinary proceeding. The State focuses on the issue differently, and, in my opinion, more accurately. The State says he can raise constitutional claims; the State says the § 1983 and RICO claims should be dismissed. (D.I. 30 at 4-6). As I indicated in my TRO opinion (D.I. 12 at 2-3), and as the Report holds (D.I. 26 at 11), "the Court cannot conclude that the Delaware attorney disciplinary proceedings will not provide an adequate opportunity for [Abbott] to raise the substance of his federal claims. (*Id*. at 12). While I do not think it is likely that he can make "RICO counterclaims" in the administrative proceedings, or before the Supreme Court if the proceedings get there, I agree that Abbott has not shown that he cannot raise the same arguments on theories relating to the first amendment, equal protection, and due process.

It does not appear that Abbott has attempted to raise his underlying federal claims in the ongoing proceeding. This Court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). DLRDP Rule 9 does not provide such unambiguous authority. As such, the Report's findings with respect to the third *Middlesex* factor are **ADOPTED**.

### B. Pleading Bad Faith, Harassment, and Extraordinary Circumstances

Abbott argues that his Complaint alleges bad faith, harassment, and extraordinary circumstances such that this Court should recognize an exception to the *Younger* abstention doctrine. (D.I. 27 at 5). As above, Abbott's allegations are numerous. For example, Abbott argues that the ODC action is the result of "personal vindictiveness"[2] and that the action is brought without hope of success because the ODC lacks evidence. (*Id.* at 6-7). Abbott also asserts that the charges against him have been "motivated by his membership in the disfavored classes of sole practitioner and lawyers disliked by a judge." (*Id.* at 8).

The bad faith exception is generally understood to encompass proceedings "brought 'without hope' of success." *Getson v. New Jersey*, 352 F. App'x 749, 753 (3d Cir. 2009). The extraordinary circumstances exception requires a situation "creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Williams v. Gov't of V.I. Bd. Med. Exam'rs*, 360 F. App'x 297, 300 (3d Cir. 2010) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975)). In order to trigger the application of a *Younger* exception, Abbott must make some showing or offer some evidence in support of his allegations.[3] *See, e.g.*, *Juidice v. Vail*, 430 U.S. 327, 338 (1977) (stating that the bad faith and intent to harass exception "may not be utilized unless it is alleged and proved"); *Williams*, 360 F. App'x at 300 ("[T]he baseline showing of bias necessary to trigger *Younger's*

---

[2] The allegations of "personal vindictiveness" are unsupported by any factual allegations of some prior relationship between any Defendants and Abbott. The conclusory allegation of "personal vindictiveness" is based on nothing other than Abbott's disagreement with the actions or inactions taken by Defendants.

[3] Abbott argues he is being held to a "*supra*-pleading" standard which, in accordance with the jurisprudence in this and other Circuits, is not inaccurate. However, since Abbott has failed to offer non-conclusory factual allegations sufficient to implicate the application of a *Younger* exception, it is not necessary to address any higher standard.

escape mechanism requires the plaintiff to offer some evidence that abstention will jeopardize his due process right to an impartial adjudication") (quoting *Brooks v. New Hampshire Supreme Court*, 80 F.3d 633, 640 (1st Cir. 1996)); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 630 (E.D. Pa. 2014) (noting the lack of "sufficient allegations (let alone a showing) of bad faith").

      The Report concludes that Abbott's complaint did not recite sufficient factual matter to support a finding of bad faith or extraordinary circumstances. (D.I. 26 at 13). Abbott objects on the grounds that the Complaint contains allegations demonstrating bad faith, harassment, and extraordinary circumstances. (D.I. 27 at 6-9).

      Much of Abbott's Complaint concerns the merits of the charges brought against him. (*See* D.I. 16 at ¶¶ 21-38, 63-79). As noted in the Report, the Complaint details hotly contested factual and legal issues, but such disputes about the merits of the charges against Abbott do not indicate bad faith on behalf of the ODC. *See Getson*, 352 F. App'x at 753-54 (noting Plaintiff argued that cited statutes do not support the claims against him but stating such contentions do not establish bad faith). Similarly, Plaintiff's conclusory allegations concerning the falsity of the charges and the ODC's "personal vendetta" against him are insufficient.

      In his Objections, Abbott also asserts that one of the charges against him is the result of the exercise of his First Amendment rights. (D.I. 27 at 8). This assertion appears to refer to Count IV of the Petition against Abbott (D.I. 16, Ex. K), wherein Plaintiff is charged with engaging in conduct intended to disrupt a tribunal and/or engaging in conduct that is degrading to a tribunal. (*Id*. at ¶ 42). A charge brought in retaliation for one's exercise of First Amendment rights does constitute bad faith. The Complaint states, "Count IV is an obvious attempt to muzzle and punish Abbott in violation of his 1st Amendment free speech rights by attempting to squelch his expression of legitimate, fact-based opinions and statements." (D.I. 16 at ¶ 111); *see*

*also Getson*, 352 F. App'x at 754.  Yet, the remainder of Abbott's Complaint does not contain factual allegations that sufficiently explain or support his allegation of retaliation.  Elsewhere, it appears that Abbott raises his First Amendment argument as a subset of his objections to the merits of the charges against him. (*See* D.I. 16 at ¶ 75) ("Abbott's statements are also true and are protected by his 1st Amendment Right to Freedom of Speech, eliminating the possibility that there could be any legitimate basis for Count IV.").

Similarly, it is unclear what forms the basis for Abbott's claims of extraordinary circumstances. Abbott argues that the charges are motivated by his membership in a "disfavored class" and argues that the ODC, PRC, BPR, and the Delaware State Courts are biased in favor of government and big firm attorneys. (D.I. 27 at 8; D.I. 16 at ¶ 40 n.5).  In support, Abbott attached four letters from ODC in which the office declined to pursue complaints against attorneys who worked at large law firms or for the government. (D.I. 16, Exs. G, H, I, J). However, broad claims of institutional bias are insufficient. *Williams*, 360 F. App'x at 300 (citing a "potential conflict of interest" and "pecuniary stake in the outcome of the litigation" as examples of bias under *Younger*).  The letters cited by Abbott explain plainly why the ODC did not act on the relevant complaints and do not evince any apparent bias that may be imputed to the BPR or the Delaware Supreme Court. (*See* D.I. 16, Exs. G, H, I, J)

Abbott also argues that "ODC has engaged in Exceptional Circumstances pursuant to interminable delay" but cites no authority for the proposition that delay may constitute extraordinary circumstances or harassment. (D.I. 27 at 5-6).

In sum, I agree with the Report's conclusion that no *Younger* exception applies here. The Report and Recommendation's finding is **ADOPTED** consistent with the additional rationale given above.

### C. Opportunity for Amendment

Plaintiff argues that the Report erred in not recommending leave to amend, citing *Alston v. Parker*. (D.I. 27 at 9). The Court in *Alston* stated that "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." 363 F.3d 229, 235 (3d Cir. 2004). However, Abbott overlooks the fact that, in response to Defendants' previous motion to dismiss (D.I. 13), he amended his Complaint, adding many of the assertions he now alleges the Report ignored. I do not read *Alston* to mandate curative amendments *ad infinitum* in the event that a defendant may prevail on a motion to dismiss.

Abbott did not specify what additional details would support his allegations of bad faith, harassment, and exceptional circumstances nor did he submit a copy of any proposed amendments in accordance with Local Rule 15.1. (D.I. 27 at 9). Without more, I cannot grant Plaintiff's request for leave to amend.

### D. Stay of Proceedings

Lastly, Abbott states that he is entitled to a stay rather than a dismissal. (D.I. 27 at 10). A court "has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988). Abbott argues that because his § 1983 and RICO claims cannot be adjudicated in the state proceeding, he is entitled to a stay of those claims.[4] (D.I. 27 at 10). Defendants argue that *Deakins* is inapposite and that Abbott's claims are not entitled to a stay because they are "factually bereft."

---

[4] Abbott did make an alternative request for a stay in the underlying briefing. (D.I. 21 at 20). The State acknowledged the request in its reply. (D.I. 22 at 1).

(D.I. 30 at 10). The Report did not reach the issue of whether the Complaint satisfied the Rule 12(b)(6) standard.

While I note that Abbott does assert a claim for attorney's fees which, per *Deakins*, would be entitled to a stay, one is not entitled to such a stay where the underlying claims lack merit. *See Miles v. Zech*, 788 F.3d 164, 167 (3d Cir. 2019) (non-precedential) (holding that the failure to stay a damages claim was not error where Plaintiff's claims were meritless). To that end, I decline to grant a stay because the Defendants are immune from suit under the doctrines of judicial immunity and quasi-judicial immunity. The parties debated the question of judicial and quasi-judicial immunity in the underlying briefing, though the issue was not reached in the Report. (D.I. 18 at 9-13; D.I. 21 at 14-15).

Abbott's claims against the five Justices of the Delaware Supreme Court are thinly based on their supervision of the ODC and the attorney disciplinary process. (*See, e.g.*, D.I. 16 at ¶¶ 39, 33, 46, 86) (alleging that the Justices "failed to intervene" and ODC's "illegal scheme" is carried out "with the supervisory and knowing authority and approval" of the Justices). As the Report concluded, Delaware attorney discipline proceedings are judicial in nature. (D.I. 26 at 10). "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). No allegation in Abbott's Complaint indicates that any named Justice was acting "in clear absence of his jurisdiction" so as to preclude a finding of immunity. *Id.*[5]

---

[5] Abbott cites to *Forrester v. White* and *Supreme Court of Virginia v. Consumers Union of United States, Inc.* for the proposition that Justices acting to enforce state bar rules are liable for injunctive and declaratory relief. (D.I. 21 at 14). However, Abbott's Complaint cites no action taken by any member of the Supreme Court that could be interpreted as enforcement of any State Bar provision. The only concrete incident mentioned in the Complaint is the Supreme Court's failure to act on Abbott's motion to dismiss, which is an act within the Court's judicial capacity. (D.I. 16 at ¶ 98).

8

Similarly, the two named ODC attorneys are entitled to quasi-judicial immunity. *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009); *see also Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995). Abbott argues that the two ODC attorneys are not sheltered by quasi-judicial immunity because unconstitutional conduct and racketeering are outside the scope of their official duties. (D.I. 21 at 15). However, this does not change the fact that the basis for Abbott's claims as recited in the Complaint, the disproportionate targeting of sole practitioners, the decision to charge Abbott, and the correspondence with Abbott, were undertaken as part of their ODC duties. Abbott also argues that immunizing the ODC Defendants from his federal claims would violate the Supremacy Clause but cites no authority for this proposition. (D.I. 21 at 15). As evidenced by Defendants' briefing, the Third Circuit and other courts have found that state employees may be entitled to quasi-judicial immunity from federal claims. (D.I. 18 at 11-12).

### III.    CONCLUSION

For the reasons stated above, the Report and Recommendation (D.I. 26) is **ADOPTED**. Defendants' Motion to Dismiss (D.I. 17) is **GRANTED**.

A separate order will be entered.

/s/ Richard G. Andrews
United States District Judge